IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, et al., )
               )
    Plaintiffs, )
               )
  v.           )   Case No. 12 C 604
               )
KENNETH B. SEWELL, WENDY F. SEWELL, )
and KING AUTOMOTIVE CENTER, INC. )
               )
    Defendants. )

MEMORANDUM ORDER

  As a result of printing out a list of all pending motions in cases on this Court's calendar, its always-alert minute clerk spotted a Fed. R. Civ. P. ("Rule") 12(b)(6) motion that had been filed in this action back on May 17 seeking to dismiss the First Amended Complaint ("FAC"). Unfortunately that filing had violated not just one but two of this District Court's LRs, one requiring the delivery of a paper copy of every electronically filed document to the chambers of the judge assigned to the case[1] and the other requiring that every motion be noticed up for presentment not later than 14 days after its filing. Those provisions are obviously responsive to the fact that neither judges nor minute clerks have their brains wired into the electronic filing system, so that responsibility for alerting the assigned judge to the existence of a motion (for example) and for providing a hard copy are understandably imposed on counsel rather than on court personnel.

  Because defense counsel in this case offices in St. Louis, this Court is pleased to accommodate him by allowing him to participate in the case's periodic status hearings telephonically rather than in person. That however doesn't lessen the obligation of any non-

---

[1] That LR has been fortified by the opening paragraph in this Court's website, which calls specific attention to that requirement and provides that a lawyer's failure to comply with its terms will give rise to the imposition of a fine – usually $100.

resident lawyer to become aware of local rules of practice (although the customary $100 fine will not be imposed in this instance).

To turn to the substance of the motion to dismiss, which challenges the sufficiency of the FAC to state a claim for withdrawal liability under ERISA, defendants must of course accept the employee benefit fund plaintiff's allegations as gospel – but in this instance defense counsel has essentially sought to substitute a fact pleading regime for the notice pleading concept embodied in federal practice. It is true that what this Court refers to as the Twombly-Iqbal canon has introduced a requirement of "plausibility," but that has not created such a dramatic shift as the current motion would suggest.

Accordingly the motion to dismiss is denied, not just for its procedural violations but as a substantive matter as well. This Court expects defense counsel to participate in the next status hearing (previously set to be held at 9 a.m. June 28) and, in the meantime, to begin drafting an answer for prompt filing.

								_____
								Milton I. Shadur
								Senior United States District Judge

Date: June 20, 2012