IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND**, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 12 C 604 |
| **KENNETH B. SEWELL**, et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On June 20, 2012 this Court issued a short memorandum order ("Order") that addressed a Fed. R. Civ. P. 12(b)(6) motion that had been filed in this action back on May 17 seeking to dismiss the First Amended Complaint ("FAC"). As the Order pointed out, the filing had violated two of this District Court's LRs. But because defense counsel is a St. Louis lawyer this Court let those violations go without sanction, although Order at 1-2 reminded him that the privilege of appearing pro hac vice "doesn't lessen the obligation of any non-resident lawyer to become aware of local rules of practice."

Despite that admonition, the same defense counsel has filed an Answer of All Defendants on June 27 that once again is noncompliant with requirements applicable to responsive pleadings. To begin with, the all-pervasive flaw in the Answer is counsel's noncompliance with LR 10.1.[1] That LR has the salutary effect of permitting the reader to see just what is and what is not

---

[1] For counsel's information, lawyers in this judicial district most often comply with the LR's reference to "a concise summary" of the allegations in a complaint by simply copying the allegations of each complaint paragraph verbatim.

admitted or controverted by looking at a single document, rather than having to flip back and forth between a complaint and an answer.

Quite apart from that LR violation, a number of the paragraphs in the Answer are problematic in another respect. Count II Answer ¶21,[2] Count III Answer ¶24, Count IV Answer ¶27 and Count IV Answer ¶29 all read this way:

> The Defendants deny the allegations of paragraph -- as certain allegations of this paragraph call for a legal conclusion and can neither be admitted or denied.

That locution is doubly flawed:

1. It is simply wrong to say that the statement of a legal conclusion in a complaint "can neither be admitted or denied" -- see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

2. It is of course oxymoronic to deny an allegation that "can neither be admitted or denied."

Finally, both affirmative defenses ("ADs") in the responsive pleading call for brief comment:

1. As to AD 1, defendants must flesh out the statute of limitations defense by identifying just which statute is assertedly applicable.

2. AD 2 must be stricken because, as any AD requires, the allegations of the FAC are taken as gospel -- see App'x ¶5 to State Farm, 199 F.R.D. at 279.

---

[2] Although counsel's current pleading reflects a disparity between the paragraph numbering in the FAC and in the Answer, that will automatically be eliminated when counsel complies with LR 10.1.

When defense counsel returns to the drawing board as he must, AD 1 may be reasserted in proper form, but AD 2 must be omitted.

Because the defects identified here cannot be cured by an amendment to the Answer, the entire answer is stricken, but leave is granted to file a self-contained Amended Answer on or before July 13, 2012. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                                            _____
                                                                            Milton I. Shadur
                                                                            Senior United States District Judge

Date: June 29, 2012.